

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| HENRY THOMPSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | WD81415 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | March 12, 2019 |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Lafayette County, Missouri
The Honorable Dennis A. Rolf, Judge**

**Before Division Four:** Karen King Mitchell, Chief Judge, and
Victor C. Howard and Lisa White Hardwick, Judges

Henry Thompson appeals from the denial, without an evidentiary hearing, of his amended Rule 24.035[1] motion for post-conviction relief. In his sole point on appeal, Thompson claims that the sentencing court's assessment of $909.16 in venire panel costs was an unauthorized, de facto penalty imposed in violation of his constitutional and statutory rights. Finding no clear error, we affirm.

---

[1] All rule references are to the Missouri Supreme Court Rules (2016).

**Background**

In early 2014, Thompson was charged by Information with the class D felony of driving while suspended or revoked. The State later filed an Amended Information, charging Thompson as a persistent felony offender. The case was set for a jury trial on May 21, 2014, but Thompson failed to appear for trial and a warrant issued.

Two years later, after having been arrested and held on a new charge, Thompson pleaded guilty to the charges in the Amended Information.[2] During Thompson's sentencing hearing, the court noted that Thompson had "a jury trial scheduled and [the court] incurred $909 [in expenses] when [Thompson] couldn't even bother to show up for [his] court date." The court sentenced Thompson to six years' imprisonment. The sentencing court's final judgment also included an assessment in the amount of $909.16 against Thompson "for the cost of the jury on May 21, 2014."

Thompson timely filed a *pro se* Rule 24.035 motion to vacate, set aside, or correct the judgment and sentence. His court-appointed, post-conviction counsel timely filed an amended motion in which Thompson argued that the sentencing court's assessment of $909.16 was an unauthorized, de facto penalty in violation of his constitutional and statutory rights.

The court denied Thompson's motion without an evidentiary hearing, finding his claim not cognizable under Rule 24.035. Specifically, the court found that "[t]he jury cost that was assessed to [Thompson] was not a sentence or fine under Rule 24.035[;] it was a cost in a criminal case that was assessed under Section 550.280." The court further found that Thompson "was the one who failed to appear for this criminal case in which the jury was summoned[,] and the costs that were assessed to [Thompson] were the actual costs paid to the jurors for this case." This appeal follows.

---

[2] The plea court, having found a factual basis for Thompson's plea, accepted it as being voluntarily and intelligently entered and found Thompson guilty beyond a reasonable doubt.

**Standard of Review**

"Appellate review of the motion court's denial of a Rule 24.035 motion is 'limited to a determination of whether findings and conclusions of the [motion] court are clearly erroneous.'" *Thompson v. State*, 449 S.W.3d 53, 57 (Mo. App. W.D. 2014) (quoting Rule 24.035(k)). "We presume that the motion court's findings are correct; thus, the appellant bears the burden of demonstrating clear error." *Id.* "The [motion] court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression a mistake has been made." *Id.* (quoting *Scott v. State*, 414 S.W.3d 57, 60 (Mo. App. W.D. 2013)). We will affirm the motion court's judgment if it is sustainable on any grounds. *Dorsey v. State*, 448 S.W.3d 276, 282 (Mo. banc 2014).

**Analysis**

In his sole point on appeal, Thompson claims that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because the sentencing court's assessment of $909.16 in venire panel costs was an unauthorized, de facto fine in violation of his constitutional and statutory rights. In response, the State asserts that Thompson's claim is not cognizable under Rule 24.035 because the assessment was authorized by statute, and even if it was not authorized, the imposition of costs was not a de facto fine, and thus, was not part of Thompson's sentence. Because we find that Thompson's claim is not cognizable under Rule 24.035, we affirm the motion court's denial of his motion.

Rule 24.035(a) provides, in pertinent part,

> A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violated the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial or appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized

by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.

The parties agree that Rule 24.035 allows Thompson, as a person convicted of a felony on a plea of guilty and remanded to DOC, to challenge his conviction or sentence on the basis that it violated his constitutional or statutory rights. Thompson's claim on appeal is a purported challenge to the legality of his sentence.

The question is whether the $909.16 assessment is part of Thompson's sentence. The crux of Thompson's argument is that, because the venire panel assessment was not authorized by statute, the assessment must be a de facto fine, a fine is a sentence under § 557.011,[3] and thus, he can challenge the assessment in a Rule 24.035 proceeding.[4] In support of his argument, Thompson relies on case law holding that "'[c]osts' are a creature of statute, and courts have 'no inherent power to award costs, which can only be granted by virtue of express statutory authority.'" *State ex rel. Merrell v. Carter*, 518 S.W.3d 798, 800 (Mo. banc 2017) (quoting *Gene Kauffman Scholarship Found., Inc. v. Payne*, 183 S.W.3d 620, 627 (Mo. App. W.D. 2006)). The sentencing court found that "[t]he jury cost . . . was a cost in a criminal case that was assessed under Section 550.280[,]"[5] but Thompson asserts that § 550.280 and other statutes cited in his brief do not authorize the taxation of venire panel costs to him. But, even if Thompson is correct that the assessment is not authorized by statute, a finding we do not make, a Rule 24.035 proceeding is not the appropriate vehicle to raise that issue.

---

[3] All statutory references are to the Revised Statutes of Missouri, as updated through the 2014 Supplement, unless otherwise noted.

[4] Thompson cites no authority for his proposition that a cost that is not authorized by statute is a fine and, therefore, a sentence, and our research did not reveal any such authority.

[5] In pertinent part, § 550.280 provides, "[A]ll fees due jurors in any criminal case . . . shall be deemed criminal costs, and shall be paid in like manner and shall be subject to all the offsets herein provided for."

A Rule 24.035 proceeding allows a person like Thompson to challenge the legality of his sentence.  It is clear from the record that the sentencing court considered the disputed assessment to be a cost, and not part of Thompson's sentence.  The court stated that Thompson had "a jury trial scheduled and [the court] incurred $909 when [Thompson] couldn't even bother to show up for [his] court date," and in its final judgment, the court assessed $909.16 against Thompson "for the cost of the jury on May 21, 2014."[6]  Two years later, the motion court found that "[t]he jury cost that was assessed to [Thompson] was not a sentence or fine under Rule 24.035[;] it was a cost in a criminal case that was assessed under Section 550.280."  The motion court further found that Thompson "was the one who failed to appear for this criminal case in which the jury was summoned and the costs that were assessed to [Thompson] were the actual costs paid to the jurors for this case."  Thus, the court clearly intended to impose the *cost* of the jury on Thompson.  "Costs constitute no part of the punishment of the defendant." *State v. Davis*, 645 S.W.2d 160, 162 n.5 (Mo. App. S.D. 1982) (quoting *State v. Smith*, 146 S.E. 73, 74 (N.C. 1929)).  Thus, Thompson's claim is legally inaccurate because the $909.16 assessed is actually a cost and not part of his punishment, *i.e.*, his sentence.  Therefore, his challenge to the assessment does not fall within the scope of Rule 24.035 and, therefore, is not cognizable.[7]

Point I is denied.

---

[6] Thompson also argues that, because the $909.16 assessment was included in the "sentencing portion" of the judgment, the assessment is part of Thompson's conviction or sentence and, thus, the assessment may be challenged in a Rule 24.035 proceeding.  Thompson cites no authority for the proposition that placement of an assessment determines its character as a cost versus a fine or penalty, and our research did not reveal such authority.

[7] Our conclusion that Thompson's claim is not cognizable in a Rule 24.035 proceeding does not mean that he is without recourse to challenge the assessment; for example, Thompson might be able to seek relief through a writ.

**Conclusion**

The motion court did not clearly err in denying Thompson's Rule 24.035 motion. Its judgment is affirmed.

_____
Karen King Mitchell, Chief Judge

Victor C. Howard and Lisa White Hardwick, Judges, concur.